## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **GLENN WINNINGHAM,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:25-CV-1299-P** |
| | § | |
| **JOSEPH ROTHROCK, ET AL.** | § | |
| **Defendants.** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On November 18, 2025, *pro se* Plaintiff Glenn Winningham ("Winningham") filed a Complaint [doc. 1] against several Defendants in the above-styled and referenced case. From the Court's research, the instant case is Winningham's twelfth cumulative case he has filed since August 2008 in this district.

| Case Number | Style | Date Filed | Date Closed |
|---|---|---|---|
| 3:08-cv-01204-G | *Winningham v. The Crown et al* | 07/16/08 | 11/17/08 |
| 4:13-cv-00023-A | *Winningham v. Page et al* | 01/11/13 | 01/15/13 |
| 4:19-cv-00632-A | *Fearn v. Miller et al* | 06/20/19 | 08/22/19 |
| 3:19-cv-01986-S-BH | *Winningham v. Blount et al* | 08/20/19 | 11/22/19 |
| 4:12-cv-00638-Y | *Glenn Winningham v. Zack Willis et al* | 09/11/12 | 05/24/13 |
| 4:14-cv-00853-O | *Winningham v. Wells Fargo, Inc. et al* | 10/21/14 | 11/19/14 |
| 4:14-cv-00993-A | *Winningham v. United States, Inc. et al* | 12/10/14 | 12/15/14 |
| 4:15-cv-00772-O | *Winningham v. Williams et al* | 10/15/15 | 10/27/15 |
| 4:17-cv-00167-A | *Winningham v. Williams et al* | 02/22/17 | 03/06/17 |
| 4:24-cv-00881-O | *Winningham v. Phillips et al* | 09/16/24 | 02/21/25 |

| Case Number | Style | Date Filed | Date Closed |
|---|---|---|---|
| 4:13-cv-00576-C | *Winningham v. Overcast et al* | 07/16/13 | 08/13/13 |
| 4:25-cv-01299-P-BJ | *Winningham v. Rothrock et al* | 11/18/25 | Pending |

Courts possess the inherent power "'to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority.'" *Obama v. United States*, No. 3:09-CV-2260-K, 2010 WL 668847, at *2 (N.D. Tex. Feb. 24, 2010) (quoting *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993)). Included in this inherent power is the "'power to levy sanctions in response to abusive litigation practices.'" *Id.* Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. *Obama*, 2010 WL 668847, at *2 (citing Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993)). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Courts in the Fifth Circuit have cited the Tenth Circuit's advisory that "injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth," and that it is proper for the court to "provide[] guidelines as to what the litigant may do to obtain its permission to file an action," provided that the "litigant received notice and an opportunity to oppose the court's order before it was implemented."[1] *Flores v. U.S. Att'y Gen.*, No. 1:14-CV-198, 2015 WL 1088782, at *4 (E.D. Tex. Mar. 4, 2015) (citing *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (internal citation omitted)).

Based upon Winningham's history of filing multiple similar cases in the past several years that have, except for this pending case, all been disposed of pursuant to the *in forma pauperis*

---

[1] This Findings, Conclusions, and Recommendation will serve as notice to Plaintiff and provide Plaintiff with an opportunity to oppose such Recommendation prior to it being adopted by the District Court Judge.

statute, 28 U.S.C. § 1915(e), and/or the Federal Rule of Civil Procedure 12(b)(6), for failure to comply with court orders, or for failure to prosecute the undersigned **FINDS and CONCLUDES** that Winningham's litigation history has risen to the prevalence and level of harassment that existed in the cases cited above where sanctions were deemed appropriate.  Winningham is hereby warned that sanctions may be imposed for any future abusive litigation practices.

Based on the foregoing, the Court **RECOMMENDS** that Winningham be declared a vexatious litigant and that the District Court warn Winningham by order that (1) monetary sanctions may be imposed for future vexatious litigation considered to be abusive and harassing in nature and (2) that Winningham must obtain leave of court by filing a motion before he is permitted to file any additional complaints in this district.

## <u>NOTICE OF RIGHT TO OBJECT TO PROPOSED<br>FINDINGS, CONCLUSIONS AND RECOMMENDATION<br>AND CONSEQUENCES OF FAILURE TO OBJECT</u>

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document.  The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendations to which specific objection is timely made.  *See* 28 U.S.C. § 636(b)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge.  *See Douglass v. United Services Auto Ass'n*, 79 F.3d

1415, 1428-29 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **January 19, 2026**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.  It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 5, 2026.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE